Case 2:20-cv-00203   Document 17   Filed on 10/07/20 in TXSD   Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
October 07, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| BILLY JOE SNELLING, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 2:20-CV-203 |
| § | |
| BRIAN COLLIER, *et al*, § | |
| § | |
| Defendants. § | |

### MEMORANDUM AND RECOMMENDATION
### TO DISMISS CLAIM AGAINST DEFENDANT
### V. WALL AND TO DISMISS CASE

Plaintiff Billy Joe Snelling, a Texas inmate appearing *pro se* and *in forma pauperis*, has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's case is subject to screening pursuant to the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§1915(e)(2), 1915A. By separate order, the undersigned has partially severed and transferred Plaintiff's claim for injunctive relief regarding his current medical care to the Sherman Division of the Eastern District of Texas. For purposes of screening Plaintiff's claim that is appropriately before this Court, the undersigned recommends that: (1) Plaintiff's claim against Defendant V. Wall be **DISMISSED with prejudice** for failure to state a claim and/or as frivolous; and (2) this severed portion of the case be **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

## I.      JURISDICTION

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.  This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

## II.     PROCEDURAL BACKGROUND AND PLAINTIFF'S ALLEGATIONS

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID) and is currently housed at the Choice Moore Unit in Bonham, Texas which is located in the Sherman Division of the Eastern District of Texas.  Plaintiff was previously temporarily housed at the Garza West Unit and Garza East Unit in Beeville, Texas.

In this action, Plaintiff sues: (1) Brian Collier, the TDCJ Executive Director; and (2) V. Wall; Garza West Unit Practice Manager.  Plaintiff originally filed this action in the Tyler Division of the Eastern District of Texas.  This action was transferred to this Court on August 3, 2020.  (D.E. 5).  Plaintiff seeks injunctive relief in the form of a specialist to attend to his medical needs and he requests the Court to order qualified medical personnel to treat his health problems.

A *Spears*[1] hearing was conducted on June 16, 2020. The following representations were made either at the *Spears* hearing or in Plaintiff's original complaint.  Plaintiff entered into TDCJ custody in November 2019 and was initially housed at the Garza West Unit, the intake facility.   He spent two weeks at the Garza West Unit before being

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *see also Eason v. Holt*, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a *Spears* hearing is incorporated into the pleadings).

transferred to the Garza West Unit, the transfer facility. In July 2020, Plaintiff was transferred to the Choice Moore Unit.

Plaintiff informed medical personnel at the intake interview in the Garza West Unit that he had a severe injury to his chest, back, and arms. Plaintiff was informed at intake that he was Hep. C positive. A chest x-ray was taken before Plaintiff was transferred to the Garza East Unit. Medical personnel informed Plaintiff that he also had contracted Tuberculosis (TB) at some time.

After sending multiple I-60 requests to medical, an examiner ordered x-rays of Plaintiff's left shoulder. Several weeks later, a medical provider with the last name Mendez informed Plaintiff that he had arthritis. Plaintiff requested a specialist and was seen by Dr. Chaney, who ordered additional x-rays. Dr. Chaney informed Plaintiff that an earlier x-ray had shown a spot of interest on his lungs, which could be very serious. Dr. Chaney further told Plaintiff that the pain in his chest, arms, and back was due to a damaged tendon. On February 2, 2020, Dr. Chaney ordered an appointment for Plaintiff at the Hospital Galveston for a CT scan. Dr. Chaney prescribed Plaintiff medications for pain.

In February 2000, Plaintiff was again taken for x-rays of his right shoulder. Plaintiff was seen by Mendez, who reiterated to Plaintiff that the pain was arthritis. Plaintiff told Mendez that Dr. Chaney had diagnosed the problem as a damaged tendon. Mendez then told Plaintiff that the tendon was stretched. Mendez prescribed pain pills to keep Plaintiff in as little pain as possible.

Plaintiff testified at the *Spears* hearing that he was taken to the Hospital Galveston on September 2, 2020 for one day but that he is unsure when officials at the Choice Moore Unit will return him to the hospital for further treatment for all his medical issues involving Hep. C, TB, damaged tendon, spot on his chest, and damaged ankle. Plaintiff has not seen a doctor while housed at the Choice Moore Unit. Plaintiff clarified at the *Spears* hearing that he does not seek monetary relief with respect to his actions taken at the Garza West or East Units and that he instead seeks better and more expedient attention for his current health problems.

## III. LEGAL STANDARD

When a prisoner seeks to proceed *in forma pauperis* the Court shall evaluate the complaint and dismiss it without service of process if the Court finds the complaint frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. *See* 28 U.S.C. § 1915(e)(2)(B) (providing that a court shall review an *in forma pauperis* complaint as soon as practicable and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant). A claim is frivolous if it has no arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998). A claim has no arguable basis in fact if "after providing the plaintiff the

opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998).

"In analyzing the complaint, [the Court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999). "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim. Thus, the Court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Id.* (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff must allege sufficient facts in support of its legal conclusions that give rise to a reasonable inference that Defendant is liable. *Id.*; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The factual allegations must raise Plaintiff's claim for relief above the level of mere speculation. *Twombly*, 550 U.S. at 555. As long as the complaint, taken as a whole, gives rise to a plausible inference of actionable conduct, Plaintiff's claim should not be dismissed. *Id*.

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988). A defendant acts under color of state law if he misuses or abuses official power and if there is a nexus between the

victim, the improper conduct, and the defendant's performance of official duties. *Townsend v. Moya,* 291 F.3d 859, 861 (5th Cir. 2002).

## IV. DISCUSSION

Plaintiff seeks only injunctive relief in this action. Plaintiff, however, is no longer incarcerated at either the Garza West or Garza East Unit. His transfer from the Garza East Unit to the Choice Moore Unit renders moot any request for injunctive relief against Defendant Wall or any other prison official from the Garza Units. *See Edwards v. Johnson*, 209 F.3d 772, 776 (5th Cir. 2000) (request for injunctive and declaratory relief becomes moot when inmate leaves the complained-of facility); *Souza v. FMC-Carswell*, 4:09-CV-469-Y, 2011 WL 611703, at *1 (N.D. Tex. Feb. 18, 2011) (dismissing plaintiff's claims for declaratory and injunctive relief under § 1915(e)(2)(B) because she was no longer incarcerated at the prison in which her condition-of-confinement claims arose). *See also Sias v. Jacobs*, No. 6:17cv413, 2017 WL 8229544, at *4 (E.D. Tex. Dec. 11, 2017) (explaining that a prisoner's transfer from a prison unit renders moot his claims of deliberate indifference when seeking injunctive relief against the defendants at that unit). Accordingly, it is respectfully respected that Plaintiff's claims for injunctive relief against Defendant Wall be dismissed with prejudice.

Upon review of Plaintiff's complaint and testimony at the *Spears* hearing, the undersigned finds that Plaintiff primarily complains about the medical treatment he is currently receiving at the Choice Moore Unit. Indeed, Plaintiff expressed his concern at the *Spears* hearing about when officials at the Choice Moore Unit will facilitate his return to the Hospital Galveston for treatment as to all his medical issues. In a separate

Order, the undersigned has severed Plaintiff's claims regarding his medical treatment received while housed at the Choice Moore Unit in Bonham, Texas, and has transferred those claims to the Eastern District of Texas, Sherman Division.

## V. CONCLUSION

For the foregoing reasons, it is respectfully recommended that Plaintiff's claim against Defendant Wall be **DISMISSED with prejudice** for failure to state a claim for relief and/or as frivolous. Because Plaintiff's remaining claim concerning his current medical treatment at the Choice Moore Unit has been severed and transferred in a separate order to the Sherman Division of the Eastern District of Texas, it is respectfully recommended further that Plaintiff's claims against Defendant V. Wall be **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

Respectfully submitted this 7th day of October 2020.

_Jason Libby_
Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).